UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IAN WRIGHT,<br>    Plaintiff,<br><br>v.<br><br>ANGEL QUIROS, et al.,<br>    Defendants. | No. 3:23-cv-949 (SRU) |

### ORDER DENYING MOTION FOR REARGUMENT OR RECONSIDERATION

On October 21, 2025, Wright filed two motions: a motion for an extension of time to file a notice of appeal, and a motion for an extension of time to file a Rule 59(e) motion to alter or amend the judgment. *See* Doc. No. 78. A day later, on October 22, 2025, I granted the first of these two motions and permitted Wright to file a notice of appeal by December 2, 2025. *See* Doc. No. 79 ("ORDER granting Plaintiff's Motion for Extension of Time until December 2, 2025 to File a Notice of Appeal"). That extension was permitted under Fed. R. App. P. 4(a)(5)(C).

I did not rule on the second motion. In any case, I had no authority to grant the second motion, because a court may not extend the time for a plaintiff to file a Rule 59(e) motion past the 28-day time frame outlined in Rule 59(e). *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act" under Rule 59(b).); *Banister v. Davis*, 590 U.S. 504, 507-08 (2020) (explaining that there is "no possibility of an extension" for a Rule 59(e) motion).

Wright misunderstood my October 22, 2025 order and believed that I extended the time for him to file a Rule 59(e) motion until December 2, 2025. Consequently, he filed his Rule 59(e) motion on November 18, 2025—more than six weeks after the entry of judgment on October 1, 2025. *See* Doc. Nos. 78, 79.

Because I understand the confusion my Order caused—and because submissions from *pro se* plaintiffs "should be reviewed with special solicitude," *Matheson v. Deutsche Bank Natl. Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017)—I subsequently construed his Rule 59(e) motion, doc. no. 80, as a Rule 60(b) motion so that it would not be time barred. *See* Doc. No. 83. Rule 60(b) motions, unlike Rule 59(e) motions, may be filed more than 28 days after the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment.").

Wright is incorrect in asserting that Rule 60(b) motions may not be used to correct substantial errors of law. *See* Doc. No. 89 at 2. The Supreme Court has held that the word "mistake" in Rule 60(b)(1) "includes a judge's errors of law." *Kemp v. United States*, 596 U.S. 528, 532 (2022); *see* Fed. R. Civ. P. 60(b)(1) (permitting a court to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect"). If Wright cannot avail himself of Rules 60(b)(1) through (b)(5), he may then attempt to use Rule 60(b)(6), which is a catchall that allows for relief for "any other reason that justifies relief."

For the foregoing reasons, Wright's Motion for Reargument or Reconsideration, Doc. No. 89, is **DENIED**. He may not pursue his Rule 59(e) motion because it was not filed within 28 days of the entry of judgment. Instead, Wright may proceed in either of two ways. (1) He may pursue his Rule 60(b) motion, which would require him to submit briefing by January 26, 2026. The Defendants would then have 21 days from the filing of his brief to respond. Or (2) he may choose to waive his Rule 60(b) motion and pursue his pending appeal to the Second Circuit.

Wright should file a notice by 12/22/2025 stating whether he wishes to pursue a Rule 60(b) motion.

SO ORDERED at Bridgeport, Connecticut this 8th day of December, 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge