**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IAN WRIGHT,
   Plaintiff,
      v.

ANGEL QUIROS, et al.,
   Defendants.

No. 3:23-cv-949 (SRU)

<u>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**</u>

The plaintiff, Ian Wright, is a *pro se* prisoner in the custody of the Connecticut

Department of Correction ("DOC"). He filed this action under 42 U.S.C. § 1983 to complain

about his exposure to COVID-19 while housed at Osborn Correctional Institution ("Osborn").

*See* Sec. Am. Compl., Doc. No. 12; Initial Review Order, Doc. No. 13. Specifically, Wright

claims that DOC District Administrator Rodriguez, Osborn Warden Guadarrama, and Food

Service Supervisor Wilcox (collectively, "Defendants") violated his rights under the Eighth

Amendment to the United States Constitution and behaved recklessly under Connecticut state

law. Initial Review Order, Doc. No. 13, at 7, 10.

On September 30, 2025, I granted the Defendants' Motion for Summary Judgment, doc.

no. 53. *See* Doc. No. 76. In doing so, I concluded that Wright could not prevail, as a matter of

law, on his Eighth Amendment claims against the three Defendants, and I declined to exercise

supplemental jurisdiction over Wright's state law recklessness claims. *Id*. at 27. Accordingly,

judgment entered in favor of Defendants on October 1, 2025. Doc. No. 77.

On November 18, 2025, Wright filed a motion to alter or amend the judgment under Rule

59(e) of the Federal Rules of Civil Procedure. First Mot. for Relief from J., Doc. No. 80. That

motion was filed more than 28 days after the entry of judgment, making it untimely. *Banister v.*

*Davis*, 590 U.S. 504, 507-08 (2020) (noting that the time allowed under Rule 59(e) to file a motion to amend or alter a judgment "is short—28 days from entry of the judgment, with no possibility of an extension"); Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline). But because the submissions of self-represented plaintiffs should be reviewed with "special solicitude," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 476 (citation omitted), and Rule 60 of the Federal Rules of Civil Procedure would allow Wright to request similar relief without facing Rule 59's strict time bar, I construed Wright's Rule 59(e) motion to alter and amend the judgment as a Rule 60(b) motion for relief from judgment. 11/24/2025 Order, Doc. No. 83.

A day later, on November 25, 2025, Wright filed his Notice of Appeal to the Second Circuit. Doc. No. 84. After he requested clarification on my decision to construe his motion as a Rule 60(b) motion, I explained to Wright that he could proceed in one of two ways. He could either: (1) pursue his Rule 60(b) motion, or (2) waive his Rule 60(b) motion and pursue his pending appeal to the Second Circuit. Order Denying Mot. for Reargument or Reconsideration, Doc. No. 92, at 2. Although Wright filed a notice on December 16, 2025 stating that he wished to pursue his Rule 60(b) motion, he did not timely withdraw his appeal before the Second Circuit. 1/16/2026 Order, Doc. No. 100. Consequently, I denied his Rule 60(b) motion without prejudice and instructed him that if he wished to pursue his Rule 60(b) motion, he would need to obtain a stay from the Second Circuit and refile his Rule 60(b) motion. *Id*.

Wright complied with my order by filing a renewed motion for relief from judgment and by obtaining a stay of his appeal from the Second Circuit. Sec. Mot. for Relief from J., Doc. No.

101; USCA Order, Doc. No. 103.  As a result, I now consider Wright's pending Rule 60(b) motion.

In his renewed Rule 60(b) motion, Wright argues that he is entitled to relief under both Rule 60(b)(1) and (6).  Pl.'s Brief in Supp. of Rule 60(b) Mot., Doc. No. 101, at 3.  Rule 60(b)(1) allows a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).  The word "mistake" in Rule 60(b)(1) "includes a judge's errors of law."  *Kemp v. United States*, 596 U.S. 528, 532 (2022).  Rule 60(b)(6), on the other hand, is a catchall provision that allows a court to afford relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Under Rule 60(b)(6), a movant may receive relief only by demonstrating "extraordinary circumstances'" and showing that "the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule."  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 215 (2025) (internal quotations omitted).

Wright argues that I erred in my analysis of the Eighth Amendment's objective and subjective requirements.  Pl.'s Brief in Supp. of Rule 60(b) Mot., Doc. No. 101, at 4-17.  I disagree.  Even if Wright's Eighth Amendment claims satisfy the objective prong, I affirm my earlier decision that no reasonable jury could conclude that any Defendant acted with deliberate indifference to Wright's substantial risk of harm.  *See* Ruling on Mot. for Summary J., Doc. No. 76, at 21-26.  Furthermore, in the absence of any argument to the contrary by Wright, I reiterate that the doctrine of qualified immunity shields the Defendants, because it was objectively reasonable, especially considering the lack of precedent to the contrary, for each of the Defendants to believe that their conduct did not violate the Eighth Amendment.  *See id*. at 22, 24, 26.

Therefore, I deny Wright's Rule 60(b) Motion, Doc. No. 101. I did not make a "mistake" under Rule 60(b)(1), and there are not "extraordinary circumstances" warranting relief under Rule 60(b)(6).

I advise Wright that if he still disagrees with my decision to grant summary judgment in favor of the Defendants, he may pursue relief through his pending appeal to the Second Circuit.

SO ORDERED at Bridgeport, Connecticut this 8th day of June 2026.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge